UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Wayne S. Calhoon, | No. 2:20-cv-2046-KJM-JDP |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Motel 6 Operating L.P., et al., | |
| Defendants. | |

    Plaintiff Wayne Calhoon filed this civil rights action on October 13, 2020. *See* Compl., ECF No. 1. Defendants did not appear, and plaintiff took no further action to litigate this case. Therefore, the court directed plaintiff to file a declaration to update the court on the case status. *See* Min. Order (Apr. 7, 2021), ECF No. 6. Plaintiff's counsel responded informing the court this case was related to another case before the undersigned. *See* Decl., ECF No. 7. Accordingly, the court directed plaintiff to file a notice of related cases as required under Local Rule 123. *See* Min. Order (Apr. 23, 2021), ECF No. 8. Plaintiff complied, *see* Related Case Notice, ECF No. 9, and the court related the two cases, *see* Prior Order (June 21, 2021), ECF No. 10.

    However, after filing the notice of related cases on April 19, 2021, plaintiff took no further action for nearly two years. Accordingly, the court ordered plaintiff to show cause within fourteen days why this action should not be dismissed for lack of prosecution under Federal Rule of Civil Procedure 41(b). *See* Prior Order (Mar. 13, 2023), ECF No. 11. Over a year has passed

1

and plaintiff has filed no response.  Given this, the court now considers whether to dismiss this case for plaintiff's failure to prosecute and failure to comply with court order.

In deciding to dismiss a case for failure to comply with a court order, the court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (citation omitted); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (same standard for dismissal based on failure to prosecute).  The court has considered the factors and finds they weigh in favor of dismissal.  First, plaintiff's failure to respond to this court's order to show cause indicates plaintiff has abandoned this case and the court cannot wait indefinitely for plaintiff to respond.  Second, plaintiff's lack of prosecution has delayed resolution of this case and the court cannot continue to expend scarce judicial resources on an abandoned case.  Finally, less drastic alternatives are not available, and plaintiff has been given ample opportunity to comply with this court's order to show cause why this case should not be dismissed for lack of prosecution.

In sum, given plaintiff's abandonment of this case and lack of response to court order, the court finds dismissal is proper.  This action is **dismissed** for failure to prosecute and failure to comply with court order.  The Clerk of Court is directed to **close** this case.

IT IS SO ORDERED.

DATED:  June 4, 2024.

CHIEF UNITED STATES DISTRICT JUDGE